UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| LLOYD BROWN, JR., | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 1:18-CV-25-WL-PRC |
| SHERIFF REGGIE E. NEVELS, et al., | |
| Defendants. | |

OPINION AND ORDER

Lloyd Brown, Jr., a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. However, Brown is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Brown has six strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Brown is attempting to sue three defendants over events which occurred in the Grant County Jail from October 1, 2016, to February 5, 2018. Specifically

---

[1] For a list of these six strikes, see *Brown v. City of Marion*, 1:04-cv-469 (N.D. Ind. filed February 14, 2005) ECF 7; and *Brown v. Archey*, 1:05-cv-002 (N.D. Ind. filed February 24, 2005) ECF 3.

he alleges they obstructed his ability to defend himself in his State criminal proceedings and subjected him to conditions of confinement which violated the constitution. The claims raised in this case do not allege that Brown (who is now housed in the Branchville Correctional Facility) is in imminent danger of serious physical injury.

Nonetheless, Brown filed an in forma pauperis petition, even though he knew[2] he was struck out. The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Brown restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal

---

[2] Brown has been told seven times that he is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). Three times in *Brown v. City of Marion*, 1:04-cv-469 (N.D. Ind. filed February 14, 2005) ECF 7, 12, and 13. Four times in *Brown v. Archey*, 1:05-cv-002 (N.D. Ind. filed February 24, 2005) ECF 3, 6, 9, and 14.

court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **DENIES** the in forma pauperis motion (ECF 12);

(3) **ORDERS** the plaintiff, **Lloyd Brown, Jr., IDOC # 963614**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) **DIRECTS** the clerk of court to create a ledger for receipt of these funds;

(5) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Lloyd Brown, Jr., (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the clerk of court to note on the docket of 1:18-CV-16 any attempted filings in violation of this order; and

(7) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on April 9, 2018.

                                                    s/William C. Lee
                                                  JUDGE WILLIAM C. LEE
                                                  UNITED STATES DISTRICT COURT